**Robert TORTORELLI, Appellant,**

v.

**Phung T. TORTORELLI, Appellee.**

No. 83321.

Court of Appeals of Oklahoma,
Division No. 3.

July 18, 1995.

Douglas Loudenback, Oklahoma City, for appellant.

Jon D. Douthitt, Oklahoma City, for appellee.

### OPINION

HUNTER, Presiding Judge:

Division 1 of the Oklahoma Court of Appeals, in case number 76,966, affirmed the trial court's decree of these parties' divorce except that it modified the trial court's order of amount of spousal support Appellant had to pay his former wife and the amount of the child support order. Division 1 also modified the order to delete the trial court's automatic reduction when the older child achieved majority. The Court of Appeals stated that future modifications of the child support order could be made by either party "only upon proof of the requisites therefor."

After mandate in No. 76,966 issued, both parties filed motions in the trial court. Appellee's motion was entitled "Motion to Reduce Spousal Support Alimony to Judgment and Motion to Determine Amount of Past Due Child Support." In Appellant's motion, called "Motion to Modify Decree of Divorce," he alleged that the decree should be modified to the extent that it required him to pay support for two children, although one of the children became eighteen years old within one year of the decree, and that, in any event, a retroactive support obligation should not begin until after October 1, 1991, the date the elder child achieved majority. He further alleged that Appellee had followed a course of conduct of being unemployed or underemployed; that Appellee had a federal lawsuit pending against a former employer which Appellant anticipated would be resolved soon and if Appellee's lawsuit is successful, she would not need alimony anymore.

The trial court entered an order reducing spousal support alimony to judgment, reflecting the Court of Appeals' modification of that

order and dating the arrearage from the time of the decree. The trial court also adjusted the child support order to comply with the Opinion of the Court of Appeals, dated that adjustment from the time of the decree and reduced the arrearage to judgment. The court sustained Appellant's motion to modify as of the date of its order on the parties' motions, that is, February 28, 1994, rather than October 1, 1991 and denied Appellant's motion insofar as it requested a modification of the spousal support order. The trial court's February 28, 1994 order, based on the motions filed by both parties after the mandate issued in case No. 76,966, is the order from which Appellant seeks relief.

The parties filed a stipulation with this Court that the child support arrearage amount was incorrect in the order and should be entered as $8,978.58 minus the sum of $750.00 (attorney fee order of February 1, 1991); $590.00 (Appellee's share of children's health care expense through June 1, 1993); $433.64 (a child support payment by Appellant in February, 1992, not included on Appellee's trial court exhibit 2); $141.00 (Appellee's obligation under the Journal Entry and Decree of Divorce filed January 23, 1991, concerning a certain Montgomery Wards's order); and $475.00 (Appellee's purge amount under her conviction for contempt of court, contained in Journal Entry and Decree of Divorce) for a total of $6,588.94. We find that the stipulation concerning the amount of child support arrearage is supported by the evidence and herewith correct the order of the trial court to reflect the stipulation.

The remaining issues on review concern the correct effective date when an appellate court modifies support orders and whether Appellant should have been allowed equitable credit against the two-child support order after his older child reached age eighteen.

█ When the appellate court modifies a support order and does not give any particular date of effectiveness, then the effective date is that of the original support order. Division 1 stated in Opinion No. 76,966, "[t]he orders of the Trial Court dividing estate, awarding child support and spousal support are therefore AFFIRMED AS MODIFIED." Unfortunately, Appellant found the language unclear insofar as the effective date. We adopt the reasoning found in *Harrington v. Harrington*, 59 Or.App. 131, 650 P.2d 186–87 (1982) which stated that when the appellate court modifies "spousal support without specifying an effective date other than the date of the trial court decree, the modification is effective as of that date." The same holds true for the appellate court's modification of the child support order which was part of the decree of divorce. We affirm the trial court's judgment reducing arrearage from both modifications imposed by the appellate court from the date of the decree.

█ We find, however, that the trial court should have allowed credit against the two-child support order after the older child reached age eighteen or at the end of his high school term if he was attending regularly and continuously through his eighteenth year. 43 O.S.1991 § 112(D). We remand the matter to the trial court on this issue only, that is, to determine the correct date from which payor father no longer had an obligation to support his son (eighteenth birthday or end of high school during eighteenth year), and direct the court to enter credit in Appellant's favor reflecting the amount of overpayment.

For these reasons, we affirm the trial court's order entered February 18, 1994, as modified to incorporate the parties' stipulation except we reverse that part disallowing the credit against the child support order after the older child aged out. We remand the case to the trial court with directions to determine the date from which Appellant no longer had a duty to support his older child and to credit Appellant with the amount of overpayment.

AFFIRMED IN PART AS MODIFIED, REVERSED IN PART AND REMANDED WITH DIRECTIONS.

HANSEN, J. concurs.

ADAMS, J., concurs in part and dissents in part.